**John C. HULL, Plaintiff,**

v.

**CHEVRON U.S.A., INC., Defendant and Third-Party Plaintiff,**

v.

**CHASE DRILLING COMPANY, Third-Party Defendant.**

**No. C83–0407–B.**

United States District Court, D. Wyoming.

Feb. 12, 1985.

Jack R. Gage, James E. Burke, Cheyenne, Wyo., for plaintiff.

Michael J. Sullivan, Mark W. Gifford, Casper, Wyo., for defendant/third-party plaintiff.

Wes W. Reeves, Casper, Wyo., for third-party defendant.

## ORDER ON MOTION FOR PARTIAL INDEMNITY

BRIMMER, District Judge.

The above-entitled matter came before the Court pursuant to defendant Chevron's third-party claim against third-party defendant Chase Drilling for partial indemnity. The Court, having reviewed the pleadings and the evidence offered, and being fully advised in the premises, FINDS and ORDERS as follows:

Plaintiff Hull sued defendant Chevron for negligence involving an accident at Chevron's drill site. Chase Drilling, plaintiff's employer, had been hired by Chevron to do the actual drilling. Plaintiff was injured when a drill collar rolled off a forklift and crushed his leg. The jury found that while plaintiff himself had been 30 percent negligent, Chevron and Chase were each 35 percent negligent. The jury also found that Chevron had retained the right to control Chase's operation, and that Chase was not an independent contractor. Therefore, Chevron was found liable, under *respondeat superior* theory, for Chase's negligence as well as its own. Judgment was entered for plaintiff against Chevron for $420,000 (the $600,000 jury award reduced by plaintiff's 30 percent negligence). Chevron now asks the Court to order Chase to indemnify it for one-half of this judgment, based on the following provision of their contract:

> Contractor (Chase) agrees to protect, indemnify, and save Operator (Chevron) harmless from and against all claims, demands and causes of action of every kind and character arising in favor of Contractor's employees, ... on account of bodily injuries, ... in any way resulting from the, ... negligent acts or omissions of Contractor and/or Contractor's, ... employees, ... (identity of parties added).

Chase contends that this indemnity clause is void under Section 30–1–131 of the Wyoming Statutes of 1977. That statute reads, in pertinent part, as follows:

> (a) All agreements, covenants or promises contained in, collateral to or affecting any agreement pertaining to any well for oil, gas or water, or mine for any mineral, which purport to indemnify the indemnitee against loss or liability for damages for:
>
> (i) Death or bodily injury to persons;
>
> (ii) Injury to property; or
>
> (iii) Any other loss, damage, or expense arising under either (i) or (ii) from:
>
> (A) The sole or concurrent negligence of the indemnitee or the agents or employees of the indemnitee or any independent contractor who is directly responsible to such indemnitee; or
>
> (B) From any accident which occurs in operations carried on at the direction or under the supervision of the indemnitee or any employee or representative of the indemnitee or in accordance with methods and means specified by the indemnitee or employees or representatives of the indemnitee, are against public policy and are void and unenforceable to the extent that such contract of indemnity by its terms purports to relieve the indemnitee from loss or liability for his own negligence.

The Court does not agree that the indemnity clause is void under this language. The Wyoming Supreme Court stated in *Mountain Fuel Supply Co. v. Emerson*, 578 P.2d 1351, 1358 (Wyo.1978):

> Although the parties' agreement may be void to the extent that it attempted to indemnify (the indemnitee) from its own negligence, this is not to say that the agreement is void to the extent it implicitly sought to indemnify (the indemnitee) from (the indemnitor's) own negligence. Such an agreement is not prohibited.

Since Chevron only seeks to be indemnified for the 35 percent of the negligence apportioned to Chase by the jury, it is not seeking indemnification for its own negligence. Rather, Chevron asks for indemnification only for that portion of the judgment which was based upon its vicarious liability. In *Heckart v. Viking Exploration, Inc.,* 673 F.2d 309 (10th Cir.1982), the court remand-

ed the case for decision as to whether the indemnitee could show it was potentially liable under the *respondeat superior* doctrine. The Tenth Circuit held that:

> If it makes that showing, it is entitled to indemnity according to its contract with (the indemnitor). *Id.* at 313.

This case is even clearer. The jury specifically found that Chase was responsible for 35 percent of the negligence, which amounts to one-half of the entire judgment assessed against Chevron. Chevron was vicariously liable for Chase's half, and was not liable because of any concurrent negligence of its own for that portion of the judgment.

We agree with the court in *Guitard v. Gulf Oil Co.*, 100 N.M. 358, 670 P.2d 969 (1983), which in dealing with a similar case held that to void an entire indemnity clause, even as to liability based solely on *respondeat superior*, would violate important public policies. Statutes like W.S. § 30–1–131 are intended to promote safety. If a drilling company like Chase realized it could void an entire indemnity contract merely because the drill site owner was found to be even one percent negligent, then it might lose much of its incentive to conduct its operations in as safe a manner as possible, because it would rarely have to pay any judgments entered jointly against it and the owner.

Furthermore, if even one percent negligence would void an indemnity agreement, parties would no longer have freedom to contract on this issue. As the *Mountain Fuel* case makes clear, Wyoming has no policy against indemnity contracts, and in fact such agreements are standard business practice. Were this Court to hold that any negligence on the part of an indemnitee voids the entire agreement, parties would have few reasons to bother with indemnity provisions. *See Guitard*, 670 P.2d at 973.

Finally, and we think persuasively, the result requested by Chase would be unfair. Chase expressly contracted to indemnify Chevron against all claims in any way resulting from Chase's own negligent acts.

Chevron merely seeks to enforce this agreement. The jury told the Court that Chase's negligence was responsible for one-half of the ultimate damages awarded to plaintiff, and Chase now asks the Court to let it escape this finding.

The Court concludes that W.S. § 30–1–131 makes it clear that Chase should not be allowed to avoid liability under these circumstances. The statute states that indemnity agreements, such as the one between Chevron and Chase, are only "unenforceable *to the extent* that such contract ... purports to relieve the indemnitee from loss or liability for his own negligence." (emphasis added). Chevron must pay for its own negligence, but to the extent that Chevron seeks indemnification for Chase's negligence, the contract is enforceable under this provision of the statute.

In refusing to dismiss an indemnity claim in *Bean v. Woods Petroleum Corp.*, C81–0231, this Court held in its December 22, 1981 Order that:

> (A)n express indemnification agreement will be enforced to the extent that remuneration is sought for the indemnitor's own negligence, as determined by the finder of fact.... Once each participant is assigned a percentage of negligence by the trier of fact, it is simply a matter of enforcing the indemnification provision to the extent any part of the negligence is attributed to the indemnitor.

The Court is convinced that this procedure, especially in the light of later case law, is as proper in 1985 as it was in 1981. Therefore, it is

ORDERED and ADJUDGED that defendant Chevron U.S.A., Inc., recover of the third-party defendant, Chase Drilling Company, one-half of any monies paid to plaintiff as a result of judgment entered against Chevron U.S.A., Inc., in the above-entitled matter, with interest thereon at the rate of 9.09 percent as provided by law.