CITIES SERVICE COMPANY, Appellant
(Third-Party Plaintiff and Defendant)

v.

NORTHERN PRODUCTION
COMPANY, INC., Appellee
(Third-Party Defendant),

Steven D. Bailey, (Plaintiff).

No. 84–145.

Supreme Court of Wyoming.

Aug. 23, 1985.

Wade Brorby and Randal R. Arp (argued) of Morgan, Brorby, Price & Roberts, Gillette, for appellant.

Michael Golden (argued) and Patrick J. Murphy of Williams, Porter, Day & Neville, Casper, for appellee.

Willis C. Geer, Gillette, for plaintiff.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

This was a third-party action upon a contract providing indemnity. Cities Service Company sought to recover from Northern Production Company, Inc., Northern's share of damages based upon Northern's percentage of negligence causing injury to Northern's employee, Steven Bailey. The district court granted summary judgment in favor of Northern Production Company, holding that the contract for indemnity was void under the provisions of § 30–1–131, W.S.1977.

We reverse.

The question presented for our determination, as stated by Cities Service, is as follows:

"Is appellant entitled by law to enforce its written indemnity agreement with appellee by third-party complaint where appellee's employee has received worker's compensation benefits and has sued appellant?"

Northern narrows the issue further posing the question:

"[Was] the parties' written contract * * insufficient, as a matter of law, to impose liability on appellee Northern Production for that percentage of negligence attributable to appellee Northern Production if the plaintiff Bailey's injuries were caused by the concurrent negligence of both appellant Cities Service and appellee Northern Production?"

Plaintiff, Steven Bailey, was an employee of Northern Production Company at the time of the accident which is the subject of this litigation. Northern Production Company was an oil field service company hired by Cities Service pursuant to a written contract to perform work on pumping units owned by Cities Service. The contract provided that Northern would indemnify Cities Service for all loss it might sustain as a result of Northern's work under the contract except such loss as might be caused by the sole negligence of Cities Service.

While servicing a Cities Service oil field pumping unit, Northern's employee, Steven Bailey, suffered injury. The injury occurred during the course of Bailey's employment with Northern. He applied for and was granted worker's compensation.

Bailey then filed suit against Cities Service Company to recover damages for the same injuries which were the basis of his worker's compensation claim and payment. Cities Service Company filed a third-party complaint against Northern upon its contract of indemnity praying that Northern be required to indemnify Cities Service

against any loss it might suffer resulting from the negligence of Northern Production Company.

Northern filed a motion to dismiss. The court treated the motion as one for summary judgment and granted summary judgment in favor of Northern and against Cities Service upon its third-party complaint.

## RIGHTS BETWEEN EMPLOYER AND EMPLOYEE

■ Worker's compensation statutes were enacted to provide a mechanism for the settlement of claims for injury or death by the worker or his survivors against his employer. It was said that,

" 'The master, in exchange for limited liability, was willing to pay on some claims in the future, where in the past there had been no liability at all. The servant was willing, not only to give up trial by jury, but to accept far less than he had often won in court, provided he was sure to get the small sum without having to fight for it. All agreed that the blood of the workman was the cost of production; that the industry should bear the charge.' " *Zancanelli v. Central Coal & Coke Company*, 25 Wyo. 511, 542–543, 173 P. 981 (1918) (quoting from *Stertz v. Industrial Insurance Commission of Washington*, 91 Wash. 588, 158 P. 256, 258 (1916)).

The rights and remedies afforded under the Worker's Compensation Act and the amount of payment provided thereunder, "for an employee and his dependents for injuries incurred in extrahazardous employment are in lieu of all other rights and remedies against any employer * * *." Section 27–12–103, W.S.1977. The remedy provided the worker as recompense for his injuries is his exclusive remedy, *Baker v. Wendy's of Montana, Inc.*, Wyo., 687 P.2d 885 (1984), and settles his claim against the employer for all time. *Jordan v. Delta Drilling Company*, Wyo., 541 P.2d 39, 48, 78 A.L.R.3d 1215 (1975).

"It is clear that the language 'take the place of any and all rights of action' and 'shall be exclusive of all other rights and remedies', means just what is said and needs no judicial construction. While not strongly in point, it was held in *Hart v. Blair*, Wyo., 1963, 378 P.2d 677, that, as a general proposition, the exclusive remedy of the Wyoming workmen's compensation laws is the only remedy available unless the employment was unlawful or illegal." (Footnote omitted.)

The same is not true with respect to the worker's claims against a third party.

## RIGHTS OF EMPLOYEE AGAINST THIRD PARTIES

■ An employee paid worker's compensation may still assert his claim against a third party whose sole or concurrent negligence caused his injury. Section 27–12–104, W.S.1977, provides in part:

"(a) If an employee covered by this act [§§ 27–12–101 through 27–12–804] receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages, the employee if engaged in extrahazardous work for his employer at the time of the injury is not deprived of any compensation to which he is entitled under this act. He may also pursue his remedy at law against the third person."

In *Markle v. Williamson*, Wyo., 518 P.2d 621 (1974), we said that substantially identical language in a predecessor of the current statute provided in unambiguous language that an employee who is injured under circumstances which create a legal liability in some person other than the employer is entitled to pursue his remedy at law against the third person.

## RIGHTS OF THIRD PARTIES AGAINST EMPLOYER

■ In *Pan American Petroleum Corporation v. Maddux Well Service*, Wyo., 586 P.2d 1220 (1978), we considered whether a third party who is sued by an employee for damages resulting from injuries covered by worker's compensation can maintain an indemnity action against the employer with respect to those injuries and

damages. We first reviewed the provisions of the Wyoming Worker's Compensation Act, §§ 27–12–101 through 27–12–805, W.S. 1977, enacted by our legislature. We found that the act itself barred the employee *and those claiming under him* from suing his employer to recover damages for the same work-related injury or death, but it did not expressly bar actions by other third parties against the employer. We then considered the effect of Article 10, § 4 of the Constitution of the State of Wyoming upon the claims of third parties against an employer contributing to the worker's compensation fund as required by the act. Article 10, § 4 of the Wyoming Constitution provides in part as follows:

> "The right of each employee to compensation from such fund shall be in lieu of and shall take the place of *any and all rights of action* against any employer contributing as required by law to such fund *in favor of any person* or persons *by reason of any such injuries or death.*" (Emphasis added.)

We held that the provisions of Article 10, § 4, supra, did not bar suits against an employer by third parties seeking indemnity where such claim for indemnity was based upon a contract between the employer and the third party in which the employer agreed to such indemnification. Thus, in proper circumstances, we have said that a third party may assert a claim for indemnity against the employer for all or part of a loss that may result to the third party because of the employee's injuries. *Wyoming Johnson, Inc. v. Stag Industries, Inc.*, Wyo., 662 P.2d 96 (1983). In support of our conclusion that the Worker's Compensation Act and Article 10, § 4 of the Wyoming Constitution permit such claims against the employer, we noted that the third party was not a party to the worker's compensation relationship, received no benefit as a result of the same and was held, therefore, to have lost no rights possessed by that third party. *Pan American Corporation v. Maddux Well Service*, supra.

In this case Bailey was paid worker's compensation. He was barred from suing his employer Northern Production. The worker's compensation award did not affect his claim against Cities Service. Bailey could, therefore, pursue his claim for injuries against Cities Service and, if Cities Service was also at fault and a cause of Bailey's injuries, it was potentially liable for the entire amount of damage resulting from the injuries.

It is said that

> "the most evenly-balanced controversy in all of compensation law is the question whether a third party in an action by the employee can get contribution or indemnity from the employer, when the employer's negligence has caused or contributed to the injury." 2A Larson, The Law of Workmen's Compensation § 76.-11.

With the adoption of comparative negligence, § 1–1–109, W.S.1977, a method was provided for determining the percentage of negligence attributable to each participant which was a cause of a plaintiff's injuries. The percentage of negligence of everyone at fault, including non-parties, should be determined by the fact finder in arriving at the 100 percent of negligence that caused the injuries. Thus,

> "the trier of fact should find the percentage of negligence attributable to each of the actors who have proximately caused the plaintiff's injuries regardless of whether the actors have been named as parties to the lawsuit." *Palmeno v. Cashen*, Wyo., 627 P.2d 163, 165–166 (1981).

We said that was necessary notwithstanding the fact that plaintiff may have chosen not to sue such non-parties and may have structured his pleading in such a way that no claim was asserted against them. *Board of County Com'rs of Campbell County v. Ridenour*, Wyo., 623 P.2d 1174 (1981).

In this case, Bailey sues only Cities Service asserting a claim against Cities Service because of its negligence. Cities Service in its defense claims that the accident and plaintiff's injuries were caused by the negligence of Northern Production. It is likely

that in allocating the 100 percent of negligence which caused plaintiff's injuries among the parties, it will be necessary that Northern Production be on the verdict form and the percentage of its negligence determined.

■ For purposes of illustration only, let us assume that plaintiff's negligence is assessed at 0 percent, Cities Services negligence at 50 percent, and the negligence of Northern Production at 50 percent, and damages determined to be in the amount of $100,000. Plaintiff, in this example, can recover the entire amount of his loss, $100,000, from Cities Service which is responsible for only 50 percent of the fault causing his injury. This is so because at common law tortfeasors were jointly and severally liable to the injured party who could recover the entire amount of his loss from either or both. 57 Am.Jur.2d Negligence § 189. The common law joint and several liability of tortfeasors was preserved with the enactment of § 1–1–110(h), W.S.1977, which provides:

"(h) W.S. 1–1–110 through 1–1–113 do not affect the common law liability of the several joint tortfeasors to have judgments recovered and payment made from them individually by the injured person for the whole injury."

This brings us to the question we must determine in this case. Assuming that Cities Service is required to pay 100 percent of a judgment for injuries which, at least in theory in our hypothesis, were caused by the 50 percent fault of Northern Production, should Cities Service be entitled to recover by indemnity from Northern Production its share of the damage? If worker's compensation were not involved, there would be no question but that Cities Service could recover from Northern Production by way of contribution pursuant to the provisions of § 1–1–110, W.S.1977, infra, the portion of the judgment represented by the percentage of negligence attributable to Northern Production.

## EFFECT OF WORKER'S COMPENSATION

■ Section 1–1–110(a), W.S.1977, provides that,

"where two (2) or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them * * *."

Cities Service, however, may not recover from Northern Production by way of contribution its pro rata share of the judgment because the provisions of the Worker's Compensation Act result in the employer being liable not in tort for negligence or fault as required by § 1–1–110, supra, but by operation of law under the Worker's Compensation Act. *Heckart v. Viking Exploration, Inc.,* 673 F.2d 309 (10th Cir. 1982). Thus, it is said:

"The great majority of jurisdictions have held that the employer whose concurring negligence contributed to the employee's injury cannot be sued or be joined by the third party as a joint tortfeasor, whether under contribution statutes or at common law. The ground is a simple one: the employer is not jointly liable to the employee in tort." (Footnotes omitted.) 2A Larson, The Law of Workmen's Compensation § 76.20. See, *Cottonwood Steel Corp. v. Hansen,* Wyo., 655 P.2d 1226 (1982); *Heckart v. Viking Exploration, Inc.,* supra.

Although a third party may not recover an employer's pro rata share by way of contribution, the right of indemnity is preserved in § 1–1–110(f), W.S.1977, which provides:

"W.S. 1–1–110 through 1–1–113 do not impair any right of indemnity under the existing law. Where one (1) tortfeasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation."

Here there was a written contract between Cities Service and Northern Production providing for indemnity. With respect to contracts between the parties providing for indemnity, it is stated that:

"The clearest exception to the exclusive-liability clause [in worker's compensation] is the third party's right to enforce an express contract in which the employer agrees to indemnify 'the third party for the very kind of loss that the third party has been made to pay to the employee." 2A Larson, The Law of Workmen's Compensation § 76.42. See also, *Shields v. Bechtel Power Corp.*, 439 F.Supp. 192 (1977).

Thus, it is said that an employer, though otherwise protected by worker's compensation statutes against a claim resulting from injury of its employee, can nevertheless contract away that protection and agree to indemnify a third party against the claim. Such indemnification is held valid in every jurisdiction with similar statutes. *City of Artesia v. Carter*, 94 N.M. 311, 610 P.2d 198 (1980).

▮ At this point we must distinguish between cases in which a third party sued by an employee seeks indemnity against his employer upon an agreement that pertains to any well for oil, gas or water, or mine for any mineral and one that does not so pertain. Where the indemnity agreement does not concern a well for oil, gas or water or mine for mineral, there is no statute declaring an agreement which indemnifies against one's own negligence to be void. Thus, where the agreement, in clear and unambiguous language and beyond peradventure when strictly construed, provides indemnification against one's own negligence, it will be upheld. *Wyoming Johnson, Inc. v. Stag Industries, Inc.*, supra.

The indemnity agreement involved in this case, however, does pertain to a well for oil or gas and therefore is governed by § 30–1–131, W.S.1977, which provides as follows:

"(a) All agreements, covenants or promises contained in, collateral to or affecting any agreement pertaining to any well for oil, gas or water, or mine for any mineral, which purport to indemnify the indemnitee against loss or liability for damages for:

"(i) Death or bodily injury to persons;

"(ii) Injury to property; or

"(iii) Any other loss, damage, or expense arising under either (i) or (ii) from:

"(A) The sole or concurrent negligence of the indemnitee or the agents or employees of the indemnitee or any independent contractor who is directly responsible to such indemnitee; or

"(B) From any accident which occurs in operations carried on at the direction or under the supervision of the indemnitee or an employee or representative of the indemnitee or in accordance with methods and means specified by the indemnitee or employees or representatives of the indemnitee, *are against public policy and are void and unenforceable* to the extent that such contract of indemnity by its terms purports to relieve the indemnitee from loss or liability for his own negligence. This provision shall not affect the validity of any insurance contract or any benefit conferred by the Worker's Compensation Law [§§ 27–12–101 to 27–12–805] of this state." (Emphasis supplied.)

By enactment of this statute the legislature has declared it to be against public policy to provide indemnity against loss or liability resulting from one's own negligence in an agreement pertaining to wells for oil, gas or water, or mines for mineral. It is undisputed that the agreement between Cities Service and Northern Production did pertain to wells for "oil [or] gas." We must determine whether (a) the parties' indemnity agreement provides for indemnity against Cities Service's own negligence and is, therefore, void, or whether it provides indemnity only for the negligence of Northern Production in its work under the agreement and is, therefore, valid and enforceable, and (b) whether the agreement, in any event under the provisions of § 30–1–131, supra, is void in its entirety.

CONSTRUCTION OF THE CONTRACT

The agreement between the parties in this case provides:

"2. If CITIES SERVICE requests CONTRACTOR to perform services and if

CONTRACTOR *agrees to perform those services requested*, then, it is specifically agreed and understood by the parties hereto that the terms and conditions of this Agreement shall control in determining the rights and liabilities of the parties hereto * * *.

\* \* \* \* \* \*

"5. *CONTRACTOR shall* defend, *indemnify*, protect and hold harmless CITIES SERVICE, its co-owners and joint venturers (if any) in the project covered hereby or *in connection with* which the *work or operations covered or contemplated by this Agreement* are to be performed, and its and their officers, directors, agents, employees and invitees, from and *against injuries to or illnesses or death* of any and all persons and losses of or damages to property caused by, *resulting from, occurring in connection with, or arising out of, the performance or non-performance of this Agreement* or the prosecution of work or operations covered or contemplated hereby, wheresoever or howsoever caused, and from and against all liabilities, claims, actions and judgments therefor, together with costs and expenses (including attorney's fees) incurred in connection therewith except in the following instances:

"(a) CITIES SERVICE agrees that the above provision shall not apply to injuries to or deaths of any and all persons and losses of or damages to property which are caused by or result from the sole negligence of CITIES SERVICE * * *." (Emphasis added.)

The contract between these parties provides that Northern Production will *perform services* upon request of Cities Service and will indemnify Cities Service

"in the project covered hereby or in connection with which the work or operations covered or contemplated by this Agreement * * * against injuries to or illnesses or death of any and all persons * * * resulting from *.* * * the performance or non-performance of this Agree-

ment * * * wheresoever or howsoever caused * * *."

The agreement of the parties speaks of the performance of services by Northern Production when requested by Cities Service and provides indemnity against loss resulting from the performance or non-performance of those services. Yet the agreement also provides indemnity against losses "wheresoever or howsoever caused, and from and against all liabilities, claims, actions and judgments therefor * * *." Does this latter broad, general language run afoul of § 30-1-131; does it enlarge the indemnity beyond the performance of services by Northern or is indemnity restricted by the activities of Northern in the "performance of services"? The agreement is not clear and unambiguous. It is obscure in its meaning when it excludes from indemnity the sole negligence of Cities Service but does not address the situation in which the negligence of Cities Service concurs with the negligence of Northern Production in causing the employee's injury. The agreement is also obscure when it seemingly concerns only performance of requested services but alludes to more. It is, therefore, subject to construction and interpretation which is a matter of law for the court. *Amoco Production Company v. Stauffer Chemical Company of Wyoming*, Wyo., 612 P.2d 463 (1980).

 Northern Production contends that the agreement provides indemnity to Cities Service against its own negligence contrary to § 30-1-131, supra, and is therefore void. Were Cities Service (the indemnitee) making this claim, we would apply a rule of strict construction. Thus, in *Wyoming Johnson, Inc. v. Stag Industries, Inc.*, supra, we said that where Wyoming Johnson sought to be indemnified for its own acts of negligence, the indemnity contract was to be strictly construed against the indemnitee and that:

"Generally, contracts exculpating one from the consequences of his own acts are looked upon with disfavor by the courts. * * * If the indemnitee means to

**328**

throw the loss upon the indemnitor for a fault in which he himself individually shares, he must express that purpose beyond any peradventure of doubt." 662 P.2d at 99.

The rule of strict construction, however, should not apply where indemnity is claimed only for the negligent acts of the indemnitor. Thus, it is said that:

"[T]he rule of strict construction of indemnity contracts applies only where it is contended the indemnity contract covers the negligent acts of the indemnitee. Indeed the rule is usually stated in the following or similar language:

" ' "A contract of indemnity will not be construed to indemnify a person *against his own negligence* where such intention is not expressed in 'clear and unequivocal terms.' " ' 175 A.L.R. 8, 30. (Emphasis supplied.) See also *Majestic Realty Corp. v. Brant* (1929), 198 Wis. 527, 224 N.W. 743.

"Where the indemnitor merely contracts to indemnify another against his own acts there is no reason in law, logic or policy to apply strict construction. Rather, public policy would seem to call for a rule of broad construction in such instances." *Algrem v. Nowlan*, 37 Wis.2d 70, 154 N.W.2d 217, 220 (1967).

The contract should be considered as a whole and a broad construction placed upon it that reasonably gives effect to the intention of the parties as expressed by its terms in light of the applicable law then existing. *Wyoming Game & Fish Comm'n v. Mills Company*, Wyo., 701 P.2d 819 (1985). Thus,

" 'An interpretation [of a contract] which gives a reasonable, lawful and effective meaning to all manifestations of intention is preferred to an interpretation which leaves a part of such manifestations unreasonable, unlawful or of no effect.' " *Tyson v. Tyson*, 61 Ariz. 329, 149 P.2d 674 (1944) (quoting from Restatement of the Law, Contracts § 236)).

Applying the rule of broad construction, we have no difficulty finding that the agreement requires that Northern Produc-

tion indemnify Cities Service against damage or loss resulting from its negligence in the performance of services, prosecution of work, and operations under the agreement. We hold that the broad general language, "wheresoever or howsoever caused, and from and against all liabilities," refers to the performance of services by Northern Production, does not enlarge the indemnity required of Northern Production and that the agreement does not provide indemnity for the negligence of Cities Service.

### EFFECT OF § 30–1–131, W.S.1977

We have held that a liberal construction of the indemnity agreement between these parties leads us to the conclusion that it does not provide indemnification to Cities Service for its own negligence. Our holding that the agreement, therefore, is not void but is valid and enforceable finds further support in § 30–1–131, W.S.1977, supra. This statute was first enacted as Chapter 46, § 1, Session Laws of Wyoming 1969 and compiled as § 30–28.3, W.S.1957, C.1967, 1975 Cum. Supp. Section 30–28.3 was the statute governing the disposition of *Mountain Fuel Supply Company v. Emerson*, Wyo., 578 P.2d 1351 (1978). Section 30–28.3, W.S. 1957, supra, as drafted and enacted by the legislature was in part as follows:

"All agreements * * * which purport to indemnify * * * for

"(a) Death or bodily injury to persons, or

"(b) Injury to property [from]

\* \* \* \* \* \*

"(i) *The sole or concurrent negligence of the indemnitee* or the agents or employees of the indemnitee or any independent contractor who is directly responsible to such indemnitee; *or*

"(ii) From *any accident which occurs in operations* carried on *at the direction* or under the supervision *of the indemnitee* or an employee or representative of the indemnitee or in accordance with methods and means specified by the indemnitee or employees or representatives of the indemnitee,

"are against public policy and are void and unenforceable. This provision shall not affect the validity of any insurance contract or any benefit conferred by the Workmen's Compensation Law of this state." (Emphasis added.)

The part of the last paragraph of the statute beginning with "are against public policy and void and unenforceable" was separated and set off in such a fashion as to make it clear that it applied to both paragraph (i) causing agreements indemnifying against the sole or concurrent negligence of the indemnitee to be void and paragraph (ii) with respect to agreements which purport to indemnify against liability resulting from the operations of the indemnitee. This was our holding in Mountain Fuel Supply Company v. Emerson, supra, wherein it is stated at page 1357:

"The statute expressly states that it applies to any agreement or covenant which seeks to indemnify the indemnitee against liability for death or injury arising from the sole or concurrent negligence of the indemnitee, or from any operation carried on at the direction of, under the supervision of, or in accordance with methods and means specified by the indemnitee. * * * We hold that the clear language of the statute voids and makes unenforceable any agreement to the extent that it seeks to indemnify an indemnitee for his own negligence— regardless of the character of the negligence sought to be protected." (Emphasis omitted.)

In the Session Laws of Wyoming 1977, Chapter 145, § 30–28.3, was amended as follows, the underlined words being added to the statute:

"are against public policy and are void and unenforceable *to the extent that such contract of indemnity by its terms purports to relieve the indemnitee from loss or liability for his own negligence.*"

The part of the above paragraph beginning with "are against public policy" is not separated as it was in § 30–28.3. However, the intent of the legislature that this portion of the last paragraph applies to both sections

(i) and (ii) is made clear when it is stated in the preamble as follows:

"AN ACT to amend W.S. 30–28.3 relating to indemnity agreements in oil, gas or water well contracts or mining contracts; providing such indemnity agreements are void and unenforceable to the extent that the contract purports to relieve the indemnitee from loss or liability for his own negligence; and providing for an effective date."

It is apparent that the legislature added this amendment to the statute without intending that it otherwise be changed or interpreted differently. The amendment applies to *all indemnity agreements* which purport to relieve the indemnitee from liability for his sole or concurrent negligence as in subparagraph (i) of § 30–1–131, supra, and from § 30–1–131 operations carried on by the indemnitee as in subparagraph (ii) of the same statute. This was our holding in *Mountain Fuel Supply Company v. Emerson, supra,* and it is reaffirmed in this case. Thus, a contract of indemnity is void and unenforceable *to the extent that the contract purports to relieve the indemnitee from loss or liability for his own negligence.* The indemnity agreement in this case is void to this extent only. It is valid and enforceable in every other respect. The effect of the statute governing the disposition of this case, § 30–1–131, supra, is that, to the extent the parties' agreement might be said to indemnify Cities Service for its own negligence, it is void; and to the extent that it indemnifies Cities Service for damage it may suffer because of the negligence of Northern Production in its performance under the agreement, it is valid and enforceable. It matters not whether such negligence was the sole cause or concurred with the negligence of Northern Production to cause the loss.

The result of this case furthers two important public policies. The first and most important is the freedom of persons to contract for legitimate and proper purposes. The second is a policy which encourages safety in the work place. Both

Cities Service and Northern Production have potential liability for injuries to or death of workmen. Having this potential liability, each party will have a considerable incentive to avoid industrial accidents and injuries. The holding of this court results in each party being responsible for its own activities and liable for loss and damage caused by its own failure to exercise reasonable care in its operations and furthers this beneficial public policy. *Guitard v. Gulf Oil Company*, 100 N.M. 358, 670 P.2d 969 (1983).

Summary judgment, therefore, should not have been granted and it is reversed and this case remanded for further proceedings consistent with this opinion.

Reversed and remanded.