812 F.2d 590
 John C. HULL, Plaintiff,
v.
CHEVRON U.S.A., INC., Defendant-Third Party Plaintiff-Appellee,
Unknown Defendant A, Defendant,
Chase Drilling Company, a subsidiary of division of Koch
Industries, Inc., Third Party Defendant-Appellant.
 No. 85-1418.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 18, 1987.
 
 J.N. Murdock (W.W. Reeves with him on briefs) of Reeves & Murdock, Casper, Wyo., for third party defendant-appellant.
 W. Thomas Sullins, II (Michael J. Sullivan and Mark W. Gifford with him on brief) of Brown, Drew, Apostolos, Massey & Sullivan, Casper, Wyo., for defendant-third party plaintiff-appellee.
 Before McKAY, MOORE, and BALDOCK, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The single issue for review is whether a written contractual provision for indemnity is void and unenforceable by operation of a Wyoming anti-indemnity statute, Wyo.Stat. Sec. 30-1-131 (1977). The United States District Court for the District of Wyoming resolved the matter on a motion for summary judgment holding that Sec. 30-1-131 did not prohibit indemnification when the indemnitee did not seek indemnification for his own negligence, 602 F.Supp. 75 (D.C.Wyo.1985). After entry of the district court's judgment, the Wyoming Supreme Court decided Cities Service Co. v. Northern Production Co., 705 P.2d 321 (Wyo.1985), which addressed this issue with no departure from the precedent relied on by the district court. Neither the briefs nor oral argument offers any analysis to persuade us that the district court incorrectly applied the law or that Cities Service does not control this case. We therefore affirm the decision of the trial court, adopt its reasoning, and add the following comments based on the clarification afforded by Cities Service.
 
 
 2
 This is one of two actions arising from an April 1981 accident and injury to an oil field worker, John C. Hull, an employee of appellant Chase Drilling Company (Chase).[1] At the time of the accident, Chase was under a contract to drill an oil well for Chevron U.S.A., Inc. (Chevron) on a federal lease partly owned by Chevron. Mr. Hull and two co-employees were moving drill collars when one of the drill collars rolled off a forklift, struck Mr. Hull, and seriously injured his leg.
 
 
 3
 In the underlying action, Chevron asserted a third-party claim against Chase based on an indemnity provision in their contract. Finding Chevron liable under a theory of respondeat superior, the jury apportioned the negligence among the parties. Hull was judged 30% negligent while Chevron and Chase were each found to be 35% negligent. The court entered judgment against Chevron for $420,000. After Chevron's motion for judgment notwithstanding the verdict or new trial was denied, Chevron moved for judgment against Chase based on the indemnity provision in their contract.[2] The district court granted Chevron's motion for summary judgment and held in a well-reasoned opinion that neither the law nor public policy in Wyoming was offended by enforcement of the contractual indemnity clause.
 
 
 4
 The district court relied on Tenth Circuit and Wyoming precedent, Heckart v. Viking Exploration, Inc., 673 F.2d 309 (10th Cir.1982), and Mountain Fuel Supply Co. v. Emerson, 578 P.2d 1351 (Wyo.1978), respectively, to conclude that Chevron's claim for partial indemnification was valid. Central to the court's resolution was the fact that Chevron sought indemnity only for that portion of the judgment reflecting its vicarious liability, that is, for Chase's negligence and not its own. In concluding that the contractual provision satisfied the requirements of Sec. 30-1-131 and fulfilled the essential statutory goal of promoting public safety, the district court noted that Wyoming had no policy against indemnity contracts as argued by Chase. A contrary resolution, the court stated, would be unfair to the parties and undermine the incentive to maintain a safe workplace.
 
 
 5
 While Cities Service addressed several other important issues involving the interaction between principles of indemnity and worker's compensation, we are concerned primarily with its treatment of an indemnity agreement concerning a well for oil and gas.[3] The Wyoming Supreme Court distinguished that while a rule of strict construction generally applies when an indemnitee seeks to be indemnified for its own acts of negligence, that rule is not applicable when indemnity is claimed only for the negligent acts of the indemnitor. Citing Algrem v. Nowlan, 37 Wis.2d 70, 154 N.W.2d 217, 220 (1967), the Wyoming court quoted: "Where the indemnitor merely contracts to indemnify another against his own acts there is no reason in law, logic or policy to apply strict construction. Rather, public policy would seem to call for a rule of broad construction in such instances." Cities Service, 705 P.2d at 328. The Cities Service court considered the contract as a whole and placed a broad construction on the indemnity provision to give effect to the intention of the parties.
 
 
 6
 This emphasis entirely undercuts appellant's contention that Cities Service applies only to provisions for full indemnity.[4] Appellant argues that unless an indemnity clause specifically states that partial indemnity is available, Sec. 30-1-131 would permit only full indemnification. Appellant urges that to permit partial indemnity in the light of the statute and Cities Service would "create a right of private indemnity outside of the contract."
 
 
 7
 Appellant's distinction is unfounded in the law and logic. We fail to understand how Cities Service permits full indemnification under nearly identical circumstances but would deny "partial indemnity" in an instance when Chevron seeks "full indemnity" only for the indemnitor's share of the adjudged negligence. The contractual provisions in Cities Service and this case are similar although the Cities Service contract included an additional paragraph specifically stating that its indemnity provision "shall not apply to injuries to or deaths of any and all persons ... caused by or result [sic] from the sole negligence of Cities Service." (Emphasis added.) The result in both cases is funded by the principle that each party should be "responsible for its own activities and liable for loss and damage caused by its own failure to exercise reasonable care in its operations and furthers this beneficial public policy." Cities Service, 705 P.2d at 330.
 
 
 8
 Cities Service and its precedent circumscribe the substantive inquiry which guides our review of whether summary judgment was properly granted. Anderson v. Liberty Lobby, Inc., --- U.S. ----, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Windon Third Oil and Gas Drilling Partnership v. FDIC, 805 F.2d 342 (10th Cir.1986). Neither public policy nor principles of contract permit a different result.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The related action is also on appeal to this court. Hull v. Chevron U.S.A., Inc., 812 F.2d 590 (10th Cir.1987)
 
 
 [2]
 The contractual provision at issue states:
 Contractor (Chase) agrees to protect, indemnify, and save operator (Chevron) harmless from and against all claims, demands and causes of action of every kind and character arising in favor of Contractor's employees ... on account of bodily injuries ... in any way resulting from the ... negligent acts or omissions of the Contractor and/or Contractor's ... employees....
 
 
 [3]
 No other Wyoming statute declares an agreement which indemnifies against one's own negligence to be void. Wyo.Stat. Sec. 30-1-131 (1977) pertains only to agreements relating to any well for oil, gas or water, or mine for any mineral. The statute provides in part:
 (a) All agreements, covenants or promises contained in, collateral to or affecting any agreement pertaining to any well for oil, gas or water, or mine for any mineral, which purport to indemnify the indemnitee against loss or liability for damages for:
 (i) Death or bodily injury to persons;
 (ii) Injury to property; or
 (iii) Any other loss, damage, or expense arising under either (i) or (ii) from:
 (A) The sole or concurrent negligence of the indemnitee or the agents or employees of the indemnitee or any independent contractor who is directly responsible to such indemnitee; or
 (B) From any accident which occurs in operations carried on at the direction or under the supervision of the indemnitee or an employee or representative of the indemnitee or in accordance with methods and means specified by the indemnitee or employees or representatives of the indemnitee, are against public policy and are void and unenforceable to the extent that such contract of indemnity by its terms purports to relieve the indemnitee from loss or liability for his own negligence. This provision shall not affect the validity of any insurance contract or any benefit conferred by the Worker's Compensation Law [Secs. 27-12-101 to 27-12-805] of this state.
 
 
 [4]
 Appellant further obfuscates the issue by equating a remedy of partial indemnification with that of contribution among joint-tort-feasors. We do not address this argument because of its faulty premise and remind appellant, "There is an important distinction between contribution, which distributes the loss among the tortfeasors by requiring each to pay his proportionate share, and indemnity, which shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead." W. Prosser, The Law of Torts Sec. 51, at 310 (4th ed. 1971)