## J. W. DENIO MILLING COMPANY v. MALIN.

(No. 894; Decided June 26th, 1917; 165 Pac. 1113.)

SALES—SHIPPING INSTRUCTIONS—EVIDENCE—PAROL EVIDENCE—CONTRACT SUSCEPTIBLE OF TWO CONSTRUCTIONS—EVIDENCE OF INTERPRETATION BY PARTIES, ADMISSIBLE—BREACH OF CONTRACT—MEASURE OF DAMAGES—WHEN LAW OF STATE WHERE MADE GOVERNS CONSTRUCTION—WHEN LAW OF STATE OF PERFORMANCE GOVERNS CONSTRUCTION.

1. In an action for damages for breach of a contract to sell flour, evidence that before each shipment of flour made under the contract, the buyer informed the seller that he desired a carload of flour, and specified the number of sacks of each weight he desired, and that his instructions were complied with, and that prior to the expiration of the time for the delivery of the balance the seller requested the buyer to furnish such specifications, which he neglected and refused to do, and that the defendant was ready and

willing to deliver the balance of the flour upon receipt of such specifications, held competent.

2. In an action for damages for breach of a contract for the sale of flour, which provided, "Time of shipment one (1) car at a time—last car to be shipped on or before Feb. 1st, 1915," the price depending on the size of the sacks, evidence that prior to each shipment under the contract, the buyer had informed defendant of his desires, and that he neglected and refused to do so with regard to the balance of the order, did not vary the terms of the writing.

3. If the language of a written contract is susceptible of two constructions, the court will take into consideration the situation of the parties and the surrounding circumstances at the time the contract was entered into in order to arrive at the true intent of the parties.

4. It is to be presumed that parties to a contract know what is meant by its terms, and whatever is done by the parties during the period of performance of the contract is done under its terms as they understood and intended it, since parties are far less liable to have been mistaken as to the meaning of their contract during the period while harmonious and practical construction reflects that intention than when subsequent differences have impelled them to resort to law, and one seeks a construction at variance with the practical construction they have placed upon it.

5. Where contract for the sale of flour provided, "Time of shipment one (1) car at a time—last car to be shipped on or before Feb. 1st, 1915," and "Flour 2.30, 2/48, 2.25, 1/98," if it be established in evidence that the plaintiff before each shipment made under the contract informed the defendant that he desired a carload of flour, and specified the number of sacks of each weight he desired, and that as to the flour not delivered, he neglected and refused to give such specifications, he would not be entitled to recover, since the fault was that of plaintiff in his failure to give the shipping directions.

6. As a rule contracts are to be construed, and their validity and effect determined according to the law of the state where they are made, except where the contract is made in one state to be performed in another, in which case the law of the state of performance will govern, unless it clearly appear that the parties intended otherwise.

7. Where a seller failed to deliver flour pursuant to a contract, if the buyer could have purchased flour of the same grade and quality in the market, upon breach of the contract, it

was his duty to do so in order to minimize his damages, and if he did not do so, he could not thereby enhance his damages beyond the difference between the contract price and the market price at the time of the breach.

8. In an action for breach of a contract to sell flour, if plaintiff could have procured the flour either in the market or from the defendant at an advanced price, and had done so, the measure of damages would be the difference between the contract price and the price he was required to pay defendant or in the market.

Error to District Court, Sheridan County; Charles E. Winter, Judge.

Action by J. M. Malin against the J. W. Denio Milling Company. Judgment for plaintiff and defendant brings error. The material facts are stated in the opinion.

*E. E. Enterline* and *F. M. Downer, Jr.,* for plaintiff in error.

The contract was made in Wyoming upon its confirmation by the Milling Company. The laws of Montana do not govern. (Capps v. Hensley, 23 Okla. 311, 100 Pac. 515.) Contracts are construed and their validity determined by the law of the place where made. The *lex loci contractus* governs. (9 Cyc. 670 and 682-683; 1 Elliott on Contracts, Sec. 62; Minor on Conflict of Laws, 372, 377; 2 Elliott on Contracts, Secs. 1110-1117; Aultman, Miller & Co. v. Holder, 68 Fed. 467; Perry v. Mount Hope Iron Co., 15 R. I. 380, 5 Atl. 632, 2 Am. St. 902; Engs., et. al., v. Priest, 65 Ia. 232, 21 N. W. 580; Sullivan v. Sullivan, 70 Mich. 583, 38 N. W. 472; Barrett v. Kelley, 29 Atl. 809; Bank of Yolo v. Sperry Flour Co., 141 Cal. 314, 74 Pac. 855, 65 L. R. A. 90; Galloway v. Standard Fire Ins. Co., 45 W. Va. 237, 31 S. E. 969; Emerson v. Proctor, 97 Me. 360, 54 Atl. 849; McGarry v. Nicklin, 110 Ala. 559, 17 So. 725, 55 Am. St. 40; Tollman v. Reed, 115 Mich. 71, 72 N. W. 1104.) Allegations as to the laws of Montana were not proven. This court will not take judicial notice of the laws of sister states. Statutes provide a method of proving statutes of other states. (Bliler v. Boswell, 9 Wyo. 57, 61 Pac. 867;

Comp. Stats. 1910, Sec. 4541.) Plaintiff was bound to establish proof of Montana laws in the manner provided by statute. (12 Ency. of Evi. 44; Jones on Evidence, 2nd Ed., 504.). But the sections of the Montana Code pleaded in the petition should have been excluded upon objection, for the reason that the contract was made in Wyoming and its laws applied and also gives no proof offered showing the Montana sections to have been published by authority of that state. The contract is uncertain as to when shipments were to be made, hence parol evidence is admissible to show the interpretation placed upon it by the statutes, but not admissible to vary its terms. (35 Cyc. 629; St. Louis Consol. Coal Co. v. Jones & Adams Co., 232 Cal. 326, 83 N. E. 851; Dayton v. Hogglund, 39 Ohio St. 680; Mereau v. U. S., 107 U. S. 437.) Where the parties to a contract have given it a particular construction, such construction will generally be adopted by the courts in giving effect to its provisions. (Windmiller v. People, 78 Ill. App. 273; City of Vincennes v. Citizens' Gas Light & Coke Co., 132 Ind. 114, 16 L. R. A. 485; Pratt v. Prouty, 104 Ia. 419, 73 N. W. 1035; Ellis v. Harrison, 104 Mo. 370, 16 S. W. 198; Williams v. Auten, 68 Neb. 26, 93 N. W. 943; American Soda Fountain Co. v. Bakery, 14 Okla. 258, 78 Pac. 115; 6 R. C. L., Sec. 241, p. 852.) Subsequent acts and declarations of the parties to a contract tending to show their construction of the contract may be shown to explain its meaning. (Lewiston Co. v. Grand Trunk Co., 97 Me. 261, 54 Atl. 750; Laclede Construction Co. v. T. J. Moss Tie Co., 125 Me. 25, 84 S. W. 76; Kopper v. Fulton, 71 Va. 211, 44 Atl. 92.) The practical interpretation given a contract by the parties themselves is entitled to great, if not controlling influence. (Switzer v. Pinconning Mfg. Co., 59 Mich. 488, 26 N. W. 762; Board of Commissioners v. Gibson, 158 Ind. 471, 63 N. W. 982.) Where a broker's contract for the sale of oil was silent as to the capacity of the tank cars in which it was to be delivered, parol testimony was admissible to show that it was orally agreed between the parties that such tanks should be of 135 barrels capacity. (Sherman Oil & Cotton Co. v. Dallas Oil

& Refining Co., 77 S. W. 961.)   Where the language of a
contract is uncertain and the parties thereto, by their subse-
quent acts and conduct, have shown that they construed it
alike and within the purview of the constructions permitted
as possible by such language, the courts will ordinarily follow
such adopted construction as the correct one.   (Wiebener, et
al., v. Peoples, 44 Okla. 32, 142 Pac. 1035; Guthrie Mill &
Elevator Co. v. Howe Grain & Merc. Co., 157 Pac. 291.)
Defendant offered to prove the interpretation of the terms of
the contract by the parties in relation to the first two ship-
ments and upon objection the offer was denied.   This was
error.   If plaintiff by his acts prevented defendant from
performing its contract, he cannot recover.   (Clark on Con-
tracts, p. 648; Gross v. Lewis & Schmidt, 46 S. E. 175;
Scott v. Hubbard, et al., 136 Pac. 653; Neppach v. O. &
C. R. R. Co., 46 Ore. 374, 80 Pac. 482, 7 Ann. Cas. 1035;
Mo. K. & T. Ry. Co. v. Pratt, 64 Kans. 118, 67 Pac. 464;
Hixson Map Co. v. Nebr. Post Co., 98 N. W. 872; Carstens
v. McDonald, 38 Neb. 858, 57 N. W. 757; King v. Water-
man, 55 Neb. 324, 75 N. W. 830; Nat. Supply Co. v. U. K.
P. C. Co., 138 Pac. 599; Chapman v. Kans. City, C. & S. R.
Co., 48 S. W. 647; Holden v. Lyons, 158 S. W. 811; Nat.
Masonic A. C. C. Assn. v. Burr, 77 N. W. 1098; 70 N. J.
L. 410; 1 A. E. Ann. 432.)   The letter written by defend-
ant requesting instructions is presumed to have reached the
plaintiff.   (National Masonic Assn. v. Burr, supra; Rosen-
thal v. Walker, 111 U. S. 185; Schutz v. Jordan, 141 U. S.
213.)   The excluded evidence as to the interpretation of
the contract by the parties was competent and should have
been admitted.   (35 Cyc. 628; Young v. Arntze, 86 Ala.
116, 5 So. 253; Sivell v. Hogan, 115 Ga. 667, 42 S. E. 151;
Carleton v. Lombard, 149 N. Y. 137, 43 N. E. 422; Elfring
v. New Birdsell Co., 165 S. D. 252, 92 N. W. 29; Zipp v.
Colchester Rubber Co., 125 S. D. 218, 80 N. W. 367; Pape
v. Ferguson, 28 Ind. App. 298, 62 N. E. 712; Loomis v.
Norman Printers Supply Co., 81 Conn. 343, 71 Atl. 358.)
It is incumbent upon plaintiff to allege and prove that he
was ready and willing to receive, accept and pay for the

goods. (35 Cyc. 619-620, 624-625 and 627-628; Anderson v. Read, 106 N. Y. 333, 13 N. E. 292; Blalock v. Clark, 137 N. C. 140, 49 S. E. 88; Neis v. Yocum, 16 Fed. 168, 9 Sawy. 24; Magic Packing Co. v. Stone-Ordean-Wells Co., 158 Ind. 338, 64 N. E. 11; 4 Enc. Pl. & Prac. 932; 11 Enc. of Evi., pp. 602-602.) Time is of the essence of the contract and plaintiff had to prove that he was ready and willing to receive the remaining three carloads of flour on and prior to February 1st, 1915. (3 Elliott on Contracts, Sec. 2048; Cheney v. Libbey, 134 S. W. 68, 33 L. Ed. 818; Wilson v. Roots, 119 Ill. 379, 10 N. E. 204; Carter v. Phillips, 144 Mass. 100, 10 N. E. 500; Waterman v. Banks, 144 U. S. 394, 36 L. Ed. 644; Fratt v. Daniels-Jones Co., 47 Mont. 487, 133 Pac. 700; Curtis v. Parham, 49 Mont. 140, 140 Pac. 511; Slotboom v. Simpson Lumber Co., 135 Pac. 888.) The stipulation in the contract for liquidated damages was valid and binding upon both parties. (3 Elliott on Contracts, Sec. 2125; 35 Cyc. 633; Black v. DeCamp, 78 Ia. 718, 43 N. W. 625; Canavan v. Neeld, 189 Pa. 208, 42 Atl. 115; Hayes v. Richie, 34 S. W. 150; Newell v. New Holstein Canning Co., 119 Wis. 635, 97 N. W. 487; Sawyer v. McIntyre, 18 Vt. 27; Richebach v. Sage, 13 Wash. 364, 43 Pac. 354, 52 Am. St. 51; Sheard v. U. S. F. & G. Co., 107 Pac. 1024.) In considering the propriety of directing verdict, rules governing are that questions of fact must be decided by the jury and questions of law by the court. Credibility of witnesses and weight of conflicting testimony are questions of fact. (Boswell v. Bank, 16 Wyo. 161, 92 Pac. 624, 93 Pac. 661.) Instruction No. 1 directing a verdict of not less than $1,215.00 and not more than $1,845.00 was erroneous. The testimony did not show that plaintiff was willing to receive the additional shipments prior to February 1st, 1915. Instruction No. 2 was erroneous for the reasons given above. Instruction No. 4 was erroneous and prejudicial because the contract was a Wyoming contract and because of insufficient proof introduced by plaintiff. Instruction No. 6 was likewise erroneous for the above reasons. Instruction No. 7 was erroneous as an intervention

of the province of the jury. Instruction No. 8 was in con-
flict with the provisions of the contract as to damages. The
court erred in refusing instruction No. 7. The verdict is
not sustained by sufficient evidence.

*E. E. Collins* and *Lonabaugh & Wenzell,* for defendant in
error.

This was a Montana contract. The case of Capps v.
Hensley does not apply. Ratification is equivalent to ante-
cedent authority. (Lorab v. Nissley, 27 Atl. 242; Bell v.
Burrough of Waynesborough, 45 Atl. 930; Municipal Se-
curity Company v. Baker County, 54 Pac. 174.) Ratifica-
tion renders the contract obligatory from the outset.
(Shuenfeldt v. Junkerman, 20 Fed. 358-359; Town of An-
sonia v. Cooper, 30 Atl. 760; Goodwin v. Town of East
Hartford, 38 Atl. 876.) The rights of parties under con-
tract are to be determined by the laws of the place where the
contract is to be performed. (Banagy v. Taylor, 7 Ohio,
142; Pittsburg C. C. & St. L. R. R. Co. v. Shepherd, 46
N. E. 61.) The question of the validity of the contract is
to be tested by the laws of the state where made, unless
performance is to be in another. (1 Mich. N. P. 67; Mon-
tana Coal & Coke Co. v. Cincinnati Coal & Coke Co., 69
N. E. 613; Brown v. Gates, 97 N. W. 221, 98 N. W. 205;
Western Union Telegraph Co. v. Eubank, 38 S. W. 1068;
Western Union Telegraph Co. v. Eubank, 36 L. R. A. 711,
66 Amer. St. Rep. 361; Kanaga v. Taylor, 70 Amer. Dec.
62; Jones on Evidence, Sec. 84.) Title passed in place of
delivery. (Engs v. Priest, 21 N. W. 580; 9 Cyc. 670; Elli-
ott on Contracts, Vol. 2, Sec. 1119; Warder v. Arrell, 2
Wash. 282, 1 Am. Dec. 488.) Cases cited by plaintiff in
error are not in point. John A. Tallman & Co. v. Reed, 72
N. W. 1104, sustains the contention of defendant in error.
Plaintiff was not obligated to purchase the flour at an ad-
vanced rate from defendant. (Edwin M. Campfield v.
Charles L. Sauer, 38 L. R. A. N. S. 837; Coulter v. B. F.
Lumber Co., 142 Fed. 706; Hirsch v. Georgia Iron & Coal
Co., 169 Fed. 578.) Plaintiff could not purchase Pride of

Billings flour on the market, as it was a special brand made for plaintiff. The law of contemporaneous oral agreements has been settled by this court. (George & Eaton v. Emory, 18 Wyo. 352.) Evidence of a subsequent oral agreement was inadmissible. Ambiguities must be pleaded and some definite instruction given by averment. (Durkee v. Cata, 16 Pac. 5; Lambert v. Haskell, 22 Pac. 327.) St. Louis Coal Co. v. Adams, 83 N. E. 851, cited by defendant, fails to sustain his contention. Bliler v. Boswell does not prescribe the character of proof required as to laws of other states; oral testimony of anyone familiar with the laws of another state is sufficient. People v. McQuaid (Mich.), 48 N. W. 161; Neppach v. Oregon & C. R. Co., 80 Pac. 482; Scott v. Hubbard, 136 Pac. 653, and other cases cited by plaintiff in error are distinguishable. A subsequent oral modification of the contract was not admissible. (Denney v. Stout, 59 Neb. 731; Reynolds v. Reynolds, 45 Mo. App. 622; Howard County v. Baker, 119 Mo. 397, 140 Pac. 511 (Mont.); 155 Pac. 624 (Mont.) It is new matter. (Comp. Stats., Sec. 4389; Iba v. Association, 5 Wyo. 355.) If the contract was one wherein it would be difficult to fix the actual damage it is for defendant to plead and prove the fact. (Deuninck, et al., v. West Gallitin Irr. Co., 72 Pac. 618; Home Land & Cattle Co. v. McNamara, 145 Fed. 17; Clifton v. Wilson, 132 Pac. 424.) The only measure of damage is the one laid down in Section 6056, Montana Statutes. The judgment should be affirmed.

BEARD, JUSTICE.

This action was brought by defendant in error, J. M. Malin, against the plaintiff in error, J. W. Denio Milling Company, to recover damages for an alleged breach of a written contract. The plaintiff below recovered a verdict and judgment against the defendant below for $1,395.00 and costs. From that judgment plaintiff in error brings error.

For convenience the parties will be referred to as plaintiff, and defendant, as they appeared in the District Court. The contract sued upon is as follows:

## "CONTRACT

"Note:—This contract is forwarded at once to our General Office.   We immediately provide an equivalent amount of wheat for every barrel of flour sold you.

"Billings, Mont., 7/31, 1914.
### "THE J. W. DENIO MILLING COMPANY
"Sheridan, Wyoming

"Has this day sold to J. M. Malin—

"City—Billings                    State—Montana

"Subject to the terms and conditions hereinafter mentioned, which are hereby agreed to.

"Terms—30 days   Net 5c   2/48—10 days.

"Delivery f. o. b. Billings, Mont.

"Either prepayment or proper allowance to be made by the seller to cover freight charges from Sheridan to Billings.

"Time of shipment, one (1) car at time—last car to be shipped on or before Feb. 1st, 1915.

| No. | Size | Articles | Price | Per |
|---|---|---|---|---|
| 5 | Cars | Pride of Billings Flour, minimum 30,000 lbs. | | |
| | 75 | Sks. of Bran in each car at Billings prices—Flour . . . . . . .$2.30 | | 2/48 |
| | | "     . . . . . . . .   2.25 | | 1/98 |

"For delays in commencing shipment and making delivery occurring from fire, acts of the carriers and causes beyond the seller's control, seller is not responsible.

"These goods are sold at price, on terms, and time of shipment specified above, and are *not subject to change or countermand without the written consent of both parties.*  Should either party refuse to fulfil their part of this transaction the other party shall buy or sell as the case may be, charging loss to the defaulting party.

"This contract is subject to confirmation by the J. W. Denio Milling Co. in their office in Sheridan, Wyoming.

"It is understood that this written and printed memorandum contains all the terms of the contract and that no rep-

resentations have been made by the seller or its agents not contained herein.                    Signed—J. M. MALIN.

."Accepted—J. W. DENIO MILLING CO.

"By J. H. JOHNSTON." .

Said contract was confirmed in writing by the defendant at Sheridan, Wyoming, August 1, 1914.

There is no controversy as to the execution and confirmation of the contract, and it is admitted that on October 3, 1914, and November 19, 1914, respectively, defendant shipped to plaintiff one car of flour under said contract, which plaintiff received, accepted and paid for. That the other three cars were not delivered by defendant. It was for the failure to deliver them that plaintiff claimed damages. Plaintiff alleged in his petition that the contract was a Montana contract, and pleaded certain statutes of that state with respect to the measure of damages.

For a first defense, defendant denied each and every allegation of the petition except it admitted that it was a corportation doing business at Sheridan, Wyoming; that it entered into the contract and confirmation of the same; that it shipped two car loads of flour to plaintiff, and that plaintiff accepted and paid for said two car loads. For a second defense, defendant alleged that at the time of the execution and confirmation of said contract it was mutually understood and agreed between the parties, that before the shipment of any car under the terms of the contract, plaintiff should give to defendant specifications of the weight of the sacks desired, whether forty-eight pound or ninety-eight pound sacks and the number of each. That plaintiff furnished such specifications when he ordered each of the two cars which were delivered, and that they were shipped accordingly by defendant, the first car being ordered September 22, 1914, and the second November 10, 1914. That plaintiff did not perform all of the conditions on his part to be kept and performed under the said terms of said contract and confirmation thereof, nor did he stand ready and willing to perform the conditions on his part to be performed under the terms specified in the said contract and confirma-

tion thereof. That plaintiff never ordered or requested defendant to ship him any more flour than the two car loads during the time specified in the contract, nor did he give defendant any specifications of the weight and number of sacks desired for an additional shipment until February 6, 1915, when he ordered the third car shipped. For reply the plaintiff admitted that on October 3, 1914, and November 19, 1914, the defendant, under the terms of said contract, shipped to plaintiff the cars of flour mentioned in said answer, and that the same were, shortly thereafter, accepted and paid for by plaintiff; and denied the other allegations of the answer.

The foregoing, we think, sufficiently presents the issues on the questions involved. The defendant offered to introduce evidence, and offered to prove, that prior to the shipment of each of the two car loads of flour which were shipped, the plaintiff informed the defendant that he desired a car load of flour and specified the number of sacks of each weight he desired; and that his instructions in those respects were complied with by defendant, and that prior to the expiration of the time for delivery of the balance of the flour defendant requested plaintiff to furnish such specifications, which he neglected and refused to do, and that defendant was ready and willing to deliver the balance of the flour upon receipt of such specifications. The plaintiff objected to all evidence offered to prove such facts on the ground that it was immaterial, irrelevant and incompetent, being an attempt to vary the terms of a written agreement by a parol contemporaneous agreement. The court sustained the objection and excluded the evidence. The evidence was within the issues made by the pleadings. Plaintiff alleged that he had fully performed his part of the contract. That defendant denied and alleged, in substance and effect, that by the terms of the contract plaintiff was required to furnish specifications for each shipment and that he had failed to do so. Nor was the evidence immaterial if competent; and that depends upon the correct construction of the contract. Plaintiff's counsel contend that the language, "Time of shipment one (1) car at a time—

last car to be shipped on or before Feb. 1st, 1915"; and, "Flour 2.30, 2/48. 2.25, 1/98" (which last quotation it is agreed means if the flour was to be in ninety-eight pound sacks the price was $2.25 per sack, or if in two sacks of forty-eight pounds each the price was $2.30), gave defendant the option to deliver the flour at any time within the time limit of the contract and in such weight sacks as it chose, provided only one car was delivered at a time. Defendant contends that the contract required plaintiff to give notice of the time for shipments and to furnish specifications. It is a settled rule of construction of written contracts that if the language employed is susceptible of two constructions the court will take into consideration the situation of the parties and surrounding circumstances at the time the contract was entered into in order to arrive at the true intent of the parties. (Saunders v. Duckes, 116 Md. 474, 82 Atl. 154, Ann. Cas. 1913C, 817; Anderson v. Mutual Life Ins. Co., 164 Cal. 712, 130 Pac. 726, Ann. Cas. 1914B, 903; 6 R. C. L., p. 849; Balch, et al., v. Arnold, et al., 9 Wyo. 17, 27, 59 Pac. 434; 9 Cyc. 587; 35 Cyc. 97.) Here plaintiff was a retail grocer and wanted the flour to supply his customers, and covering a period of five months; which fact was known to defendant. It is unreasonable, under such circumstances, to conclude that plaintiff intended that defendant had the option of shipping to him the entire five cars, one car each day immediately after the contract was entered into and thus require plaintiff to pay for all within thirty-five days; or that defendant could decline to deliver any of the flour until the last five days in January, 1915, and deliver one car a day during those five days. There is also a still stronger reason supporting the contention of defendant. It offered to prove facts showing the construction placed upon the contract by the parties before any controversy arose between them. Plaintiff's conduct in ordering the two cars and specifying the weight of sacks and the number of each, if that was the fact, would clearly indicate that he regarded that as his right under the contract; and defendant offered to prove its acquiescence in that construction of the contract and its understanding of

the rights and duties of the respective parties thereunder. "It is to be assumed that the parties to a contract know best what was meant by its terms, and are the least liable to be mistaken as to its intention; that each party is alert to protect his own interests and to insist on his rights, and that whatever is done by the parties during the period of the performance of the contract is done under its terms as they understood and intended it should be. Parties are far less liable to have been mistaken as to the meaning of their contract during the period while harmonious and practical construction reflects that intention, than they are when subsequent differences have impelled them to resort to law, and one of them then seeks a construction at variance with the practical construction they have placed upon it of what was intended by its provisions." (6 R. C. L., p. 853, and cases cited in note; 9 Cyc. 588; 35 Cyc. 98.) The evidence sought to be introduced by defendant would not have varied the terms of the writing. It would not have changed the terms of the contract that the flour was to be delivered "one car at a time," or that it was to be contained in sacks of specified weight, and all to be delivered on or before February 1, 1915. We think the evidence was competent and should have been admitted; and if defendant had been permitted to introduce the evidence offered, and the same had been found sufficient to establish the facts which defendant offered and sought to prove, then the fault was that of plaintiff in his failure to give shipping directions, and he would not be entitled to recover.

On the question of the measure of damages the court instructed the jury that the contract was a Montana contract and governed by the laws of that state; to which defendant excepted. Considerable space in the briefs has been devoted to a discussion of that question, but it does not appear to be very material whether it be considered a Montana, or a Wyoming contract. As a rule contracts are to be construed and their validity and effect are to be determined according to the law of the place where made. To that rule there is the well recognized exception that where a

contract is made in one state to be performed in another, the law of the state of performance will govern unless it shall clearly appear that the parties intended otherwise. (9 Cyc. 669, and cases cited in note.) By the terms of the contract under consideration, if defendant failed to deliver the flour plaintiff was to buy, and the damages were fixed at the difference between the contract price and what the flour would have cost the plaintiff at the time and place it should have been delivered. By the statute of Montana, pleaded by plaintiff, the measure of damages in such cases "is deemed to be the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract, if it had been fulfilled." If plaintiff could have purchased flour of the same grade and quality in the market upon defendant's breach of the contract, it was his duty to do so in order to minimize his damages so far as he reasonably could, and if he did not do so he could not thereby enhance his damages beyond the difference between the contract price and the market price at the time of the breach. But it is contended, and plaintiff testified, that he could not procure the brand of flour contracted for except from defendant and at an advanced price, and that he was not required to so purchase from defendant. That to have done so would have been a waiver of his claim for damages. On that question the court instructed the jury that "it was not the duty of plaintiff to purchase said flour from defendant at an advanced price over the contract price, in order to lessen the amount of defendant's liability." We think the instruction was erroneous. If plaintiff could have procured the flour either in the market or from the defendant at an advanced price and he had done so, it is clear that the measure of his damages would be the difference between the contract price and the price he was required to pay. It was so held in Lawrence v. Porter, 63 Fed. 62, 11 C. C. A. 27, 26 L. R. A. 167. To the same effect see Willcock v. Oil Co., 184 Pa. St. 245, 39 Atl. 77; N. B. Borden & Co. v. Vinegar Bend Lumber Co., 2 Ala. App. 354, 56 So. 775; and Deere, et al., v. Lewis, et

al., 51 Ill. 254. The case of Campfield v. Sauer, 189 Fed. 576, 111 C. C. A. 14, 38 L. R. A. (N. S.) 837, is cited by counsel as holding otherwise; but in that case the offer to furnish the property, after the breach of the contract, at an advanced price was upon the express condition that the buyer would waive the damages for the breach of the contract. The case in effect approves the rule as stated in Lawrence v. Porter, supra, when, as in this case, there is an unconditional offer to deliver the property at an advanced price. There was evidence to the effect that after the expiration of the contract and about February 6, 1915, defendant ordered a car load of flour, to which defendant replied by wire February 12, 1915: "Yours sixth just received. Your contract expired February first. Present values three ninety-five f. o. b. Billings. Shall we ship car? Writing you fully." Mr. Denio, a witness for defendant, testified on cross-examination that the market price of this flour f. o. b. Billings was about $3.65, or perhaps $3.70 per hundred, or ninety-eight pound sack, thus bringing the case as to the measure of damages, if any, within the rule announced in the cases above cited.

It is further argued by counsel for defendant that the statutes of Montana were not sufficiently proven to be admitted in evidence. But we think the evidence was sufficient; and in any event it is not material, as other evidence may be offered on another trial.

For the errors of the District Court, above indicated, the judgment is reversed and the cause remanded for a new trial.                                    *Reversed.*

POTTER, C. J., concurs.