Thomas **NELSON** and Shannon Nelson, Plaintiffs,

v.

**McADAMS, ROUX AND ASSOCIATES, INC. a Colorado corporation, et al., Defendants.**

Penny **NELSON**, as administratrix and personal representative of the estate of John Nelson, deceased, for and on behalf of Penny Nelson and Lawrence Nelson, individually, Plaintiffs,

v.

**McADAMS, ROUX AND ASSOCIATES, INC. a Colorado corporation, et al., Defendants.**

**McADAMS, ROUX AND ASSOCIATES, INC. a Colorado corporation, and Halli-Burton Services Division, Third-Party Plaintiffs,**

v.

**EXETER DRILLING COMPANY, a Nevada corporation and Joseph Slattery, Third-Party Defendants.**

Nos. C87-0174J, C87-204J.

United States District Court, D. Wyoming.

June 12, 1988.

---

Spence, Moriarity & Schuster, Jackson, Wyo., for plaintiffs.

Murane & Bostwick, Casper, Wyo., Shaw, Spangler & Roth, Denver, Colo., Lathrop & Uchner, Cheyenne, Wyo., Williams, Porter, Day & Neville, Casper, Wyo., for defendants.

## MEMORANDUM OPINION AND ORDER RULING ON MOTION TO DISMISS

JOHNSON, District Judge.

This is a diversity action brought by the Nelsons against McAdams, Roux and Associates, Inc. (MRA) for wrongful death and personal injuries that occurred in Wyoming on 17 September 1985 when a drilling rig on which John and Thomas Nelson were working caught on fire. Thomas Nelson and his brother John were employed by Exeter, which was under contract with MRA to drill an oil well on a leasehold of which MRA was the operator. Defendant Halliburton, under contract with MRA, was performing drill stem tests at MRA's well site when the fire occurred. As a result of the fire, Thomas Nelson was severely burned and his brother John burned to death. Thomas Nelson and Shannon Nelson, his wife, are suing MRA and Halliburton under various tort theories and seek damages for personal injuries. In a separate action, the beneficiaries of John Nelson's estate are suing these same defendants for the wrongful death of John Nelson.

On 18 December 1987, MRA filed a third-party complaint against Exeter Drilling Company (Exeter) in both actions, alleging that Exeter is liable to MRA for contractual indemnity and contribution. MRA later

filed an amended complaint, seeking damages from Exeter for breach of their drilling contract. In response to MRA's 18 December 1987 third-party complaint, Exeter moved to dismiss MRA's contribution claim, arguing that it is barred by the Wyoming Worker's Compensation Act. Exeter also has moved to dismiss MRA's contractual indemnity claim, asserting that as an employer under Colorado law it is immune from third-party claims for contractual indemnity. Exeter argues that Colorado law controls the disposition of the contractual indemnity issue because its drilling contract with MRA provides that the contract shall be "interpreted" by the substantive laws of Colorado. Although the contract was performed in Wyoming, the parties entered into their contract in Colorado. Finally, Exeter argues that MRA's breach of contract action must be dismissed because it is subsumed by MRA's claim for contractual indemnity.

Although Exeter brought its motion pursuant to Fed.R.Civ.P. 12(b)(6), the court will treat the motion as one for summary judgment because the parties have presented matters outside the pleadings, which the court has carefully considered. *See, e.g., Franklin v. Oklahoma City Abstract and Title Company,* 584 F.2d 964, 967 (10th Cir.1978) ("When matters outside the pleadings are presented and not excluded, the court must treat the motion as one for summary judgment and proceed under Fed. R.Civ.P. 56.").[1] Under Fed.R.Civ.P. 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." To preclude summary judgment against it, a party must demonstrate a factual dispute that might affect the outcome of a suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). To be awarded summary judgment in its favor, a

party must demonstrate lack of a dispute as to any material fact and also that it is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). For reasons discussed below, the court will deny Exeter's motion for summary judgment on MRA's first claim for relief. The court, however, will grant summary judgment against MRA on its contribution claim as well as on its breach of contract claim.

## EXPRESS CONTRACTUAL INDEMNITY

■ In its first claim for relief, MRA argues that Exeter is liable to it on a contract of indemnity for all or a part of any judgment that may be entered against MRA in favor of the plaintiffs. Under paragraph 4(d) of the contract between MRA and Exeter, Exeter agreed as follows:

> To protect, indemnify, and save operator [MRA] harmless from and against all claims, demands and causes of action of every kind and character arising in favor of contractor's [Exeter's] employees, or third-parties on account of bodily injuries, death, or damages to property resulting from the willful or negligent acts or omissions of contractor and/or contractor's agents, employees, or subcontractors.

Exeter mistakenly asserts that Colorado law governs the duties owed under Paragraph 4(d). Its assertion is based on paragraph 8 of the contract, which provides that the contract is to be "interpreted" by Colorado law. Although the court agrees that the contract is to be interpreted by Colorado law, it finds nothing in paragraph 4(d) that requires "interpreting." The words of paragraph 4(d) are plain and unambiguous. Accordingly, the court has no reason to interpret this contractual provision and Colorado law becomes irrelevant. *See, e.g., Matter of Estate of Kimball,* 583 P.2d 1274, 1279 (Wyo.1978) (a court resorts

---

1. Alternatively, Exeter brought its motion pursuant to Fed.R.Civ.P. 56. The court provided MRA an opportunity to present material in opposition to Exeter's motion as well as an opportunity for a hearing, which was held on 11 March 1988.

to interpretation only when a contract is ambiguous).

Whether an ambiguity exists in a contract is a question of law for the court, *Denver Center for the Performing Arts v. Briggs*, 696 P.2d 299, 306 (Colo.1985), and the court must base its determination on the "plain and generally accepted meaning of the words employed." *Radiology Professional Corporation v. Trinidad Area Health Association, Inc.*, 195 Colo. 253, 577 P.2d 748, 750 (1978). Further, unambiguous contracts are enforced according to their terms because they are deemed to express the objective intent of the parties. *Id.; City of Pinehurst v. Spooner Addition Water Company*, 432 S.W.2d 515, 518 (Tex.1968). A contractual provision is ambiguous if its words are susceptible to more than one meaning. *Hollabaugh v. Kolbet*, 604 P.2d 1359, 1361 (Wyo.1980). Paragraph 4(d) of the agreement before this court is unambiguous and therefore, Colorado law does not apply to MRA's claim for contractual indemnity.

Paragraph 8 of the parties' agreement provides that it shall be interpreted according to Colorado law. Interpretation of a contract is defined as the process of ascertaining the meaning of the contract's language. *John F. Harkins Company, Inc. v. The Waldinger Corporation*, 796 F.2d 657, 660 (3d Cir.1986), *cert. denied, TWC Holdings, Inc. v. John F. Harkins, Co., Inc.*, — U.S. —, 107 S.Ct. 939, 93 L.Ed. 2d 989 (1987). The agreement, however, is silent with respect to what state's law governs the rights, obligations, remedies, and defenses arising from the contract. It is a well settled principal of contract law that the parties are presumed to understand the legal significance of the words in their contract and that they intend what the words express. *Transport Indemnity Company v. Seib*, 178 Neb. 253, 260, 132 N.W.2d 871, 875 (1965).

■ As a court sitting in diversity, the court must apply the conflict of laws doctrine of the state in which it sits. *Mullinax Engineering Co. v. Platte Valley Construction Company*, 412 F.2d 553, 555 (10th Cir.1969). "Under Wyoming law, 'where a contract is made in one state to be performed in another, the law of the state of performance will govern unless it shall clearly appear that the parties intended otherwise.'" *Id.* (quoting *J.W. Denio Milling v. Mallin*, 25 Wyo. 143, 155–56, 165 P. 1113, 1116 (1917)). Because the parties did not agree otherwise, the court will apply the law of Wyoming, the place of performance, to resolve MRA's claim for contractual indemnity.

■ Under the Wyoming Worker's Compensation Act then in force, §§ 25–12–110 to 27–12–804 (May Supp.1983), a worker is entitled to compensation benefits whenever he suffers a disabling work-related injury. Wyo.Stat. § 27–12–103(a) provides that the amount of payment allowed under the Act "for an employee and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act...." This is generally a worker's exclusive remedy against his employer, provided the employer has complied with the Act. *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885 (Wyo.1984). Because the Nelsons' employer, Exeter, complied with the Wyoming Worker's Compensation Act, Exeter was immune from suit by the Nelsons.

Notwithstanding this immunity, "an employer that is otherwise protected by worker's compensation statutes against a claim resulting from injury of its employee, can, nevertheless, contract away that protection and agree to indemnify a third-party against the claim." *Cities Service Company v. Northern Production Company, Inc.*, 705 P.2d 321, 326 (Wyo.1985). In *Cities Service Company*, the Wyoming Supreme Court addressed the contractual indemnity issue under the same set of facts as presented here. In that case, an employee of Northern Production sued an oilfield operator, Cities Service, after he was injured while working for his employer at one of Cities Service's well sites. The employer was under contract with Cities Service to maintain pumping units owned by Cities Service. Northern Production had paid insurance premiums to the Wyoming

Worker's Compensation Division. As a result, its injured employee was awarded benefits for his injuries. Cities Service, however, filed a third-party complaint against plaintiff's employer and sought damages from it by way of express contractual indemnity and contribution.

In *Cities Service*, the Wyoming Supreme Court held a complying employer could indemnify a third-party for that party's negligence. 705 P.2d at 324. The court supported its holding on public policy grounds, noting that indemnity agreements promoted freedom of contract and encouraged safety in the work place. *Id.* at 329. This general rule, however, does not apply to cases involving negligence relating to oil and gas wells. Wyoming Statute § 30–1–131 (1977) provides that it is "against public policy to provide indemnity against loss resulting from one's own negligence in an agreement pertaining to wells for oil, gas, or water, or mines for minerals." In its complaint, MRA seeks indemnity against potential loss resulting from Exeter's alleged negligence in drilling an oil and gas well. Thus, under Wyoming Statute § 30–1–131, MRA is entitled to contractual indemnity from Exeter to the extent of Exeter's negligence. MRA's indemnity claim is based on paragraph 4(d) of the contract with Exeter. Having examined that provision, the court finds it provides in clear and unambiguous terms that Exeter agrees to indemnify MRA against all claims, demands, and causes of action that result from the negligence of Exeter. *See also Williams v. White Mountain Construction Company*, 749 P.2d 423, 426 (Colo.1988) (indemnity contracts are construed to effectuate rather than defeat the parties' intentions). The court therefore concludes that the contractual indemnity provision is valid and enforceable under Wyoming law. *See generally Pan American Petroleum Corp. v. Maddux Well Service*, 586 P.2d 1220, 1224 (Wyo.1978) (Wyoming's Worker's Compensation laws do not bar third-party claims for contractual indemnity).

Exeter, however, argues that even under Wyoming law MRA is not entitled to contractual indemnity because the plaintiffs are not suing MRA for Exeter's negligence. It cites *Wyoming Johnson, Inc. v. Stag Industries, Inc.*, 662 P.2d 96 (Wyo. 1983), for the proposition that indemnity agreements are unenforceable unless the plaintiff alleges the indemnitor was negligent. According to Exeter, summary judgment is proper on MRA's contractual indemnity claim because the Nelsons have not alleged that Exeter, the indemnitor, was negligent. The court disagrees.

In *Wyoming Johnson*, indemnity was sought for losses resulting from the *indemnitee's* negligence. In *Cities Service*, 705 P.2d at 326, the Wyoming Supreme Court explained the holding of *Wyoming Johnson* as follows: "where the [indemnity] agreement, in clear and unambiguous language and beyond peradventure when *strictly* construed, provides indemnification against one's own negligence, it will be upheld." *See also St. Paul Fire and Marine Insurance Company v. Gilpatrick Construction Co.*, 731 P.2d 1188, (Wyo.1987) (finding that such an indemnity agreement was enforceable). The court's holding in *Wyoming Johnson* was based on the rule that courts must strictly construe indemnity agreements that purport to indemnify against losses resulting from one's own negligence. *See Wyoming Johnson*, 662 P.2d at 99; and *Cities Service Company*, 705 P.2d at 327. Because the indemnity agreement between Exeter and MRA does not require Exeter to indemnify MRA for MRA's negligence, the court finds that Exeter's reliance on *Wyoming Johnson* is misplaced.[2]

2. Even if the court applied Colorado law to determine the parties' rights and obligations under their contract's indemnity provision, the provision would still be enforceable. Exeter cites *Brown v. Martin Marietta Corporation*, 690 P.2d 889 (Colo.App.1984) for the proposition that indemnity contracts are " 'inapplicable' against an immune employer when the third-

party tortfeasor (MRA) is being sued by the plaintiff for its own negligence (as in this case)." Exeter's Reply Memorandum at 9 (emphasis in original). In *Martin Marietta,* the Colorado Court of Appeals disagreed with the indemnitee's argument that an employer, who has complied with the Colorado Worker's Compensation Act, could nevertheless be held liable on a con-

## CONTRIBUTION

In its second claim for relief, MRA asserts that it is entitled to contribution from Exeter based on Exeter's share of alleged negligence causing the Nelsons' injuries. In *Cities Service Company v. Northern Production Company, Inc.*, 705 P.2d at 325, the Wyoming Supreme Court addressed the contribution issue and held that a third-party who was sued by an employee for personal injuries covered by worker's compensation cannot sue a complying employer for contribution. As in *Cities Service*, Exeter paid premiums on behalf of the Nelsons to the Wyoming Worker's Compensation Division and the Nelsons received benefits for injuries and wrongful death. Because Exeter is a complying employee with respect to the Nelsons, it is immune from MRA's suit for contribution. Thus, under Wyoming law, the court must grant summary judgment against MRA on its contribution claim.

## BREACH OF CONTRACT

In its amended complaint, MRA asserts a breach of contract claim against Exeter. The Wyoming Supreme Court addressed this issue in *Wyoming Johnson, Inc. v. Stag Industries, Inc.*, 662 P.2d 96, where the contractor attempted to hold its subcontractor liable for indemnity based on a breach of contract claim. The Wyoming Supreme Court held that where there is an express contractual provision for indemnity, an indemnitee cannot rely on a breach of contract claim to expand the express contractual provision for indemnity. *Id.* at 98. Here there is an express contractual provision for indemnity, and thus MRA cannot expand that provision by asserting a breach of contract claim. MRA's claim for indemnity based on breach of contract must therefore fall.

IT IS HEREBY ORDERED that Exeter's Motion for Summary Judgment on MRA's contractual indemnity claim is denied.

IT IS FURTHER ORDERED that Exeter's Motion for Summary Judgment on MRA's contribution and breach of contract claims is granted.

---

tract for indemnity. Notwithstanding the court's ruling, whatever its significance may be, it has no application here because Exeter was not a complying employer under Colorado law with respect to the Nelsons. Further, the court is not convinced the Colorado Supreme Court would hold that the Colorado Worker's Compensation Act prohibits enforcement of indemnity contracts between a complying employer and a third-party plaintiff. *See Williams v. White Mountain Construction Company*, 749 P.2d 423, 426 (Colo.1988) (finding that an oral indemnity contract had not arisen between a complying employer and a third-party plaintiff). In *Williams*, the Colorado Supreme Court could have avoided making this finding by simply declaring these agreements unenforceable under Colorado's worker's compensation laws. *See also Borroel v. Lakeshore, Inc.*, 618 F.Supp. 354, 359 (D.C.Colo.1985) (adopting the majority rule and holding that "a contractual right of indemnity is independent of the exclusive jurisdiction provisions of Colorado's Workmen's Compensation Act.").