William David **PARKER**

v.

**ATLANTA GAS LIGHT CO.**

No. CV 492–046.

United States District Court,
S.D. Georgia.

April 13, 1993.

Michael A. Lewanski, Savannah, GA, for plaintiff.

Samuel P. Inglesby, Jr., Savannah, GA, and J. Lewis Sapp, Atlanta, GA, for defendant.

## ORDER AND MEMORANDUM

NANGLE, District Judge.

Currently before the Court is defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Defendant alleges that plaintiff's federal constitutional claims fail to state claims upon which relief can be granted, and that in the absence of viable federal claims, the Court should decline to exercise pendent jurisdiction over plaintiff's state law claims. For the reasons described below, defendant's motion will be granted.

## BACKGROUND

Defendant, a public utility and plaintiff's employer, administered a urinalysis drug screening test to plaintiff on February 13, 1990. On February 20, 1990, defendant notified plaintiff via telephone that the test results were positive for the presence of THC. Defendant terminated plaintiff's employment the following day. Immediately after being informed of the test results, plaintiff had himself retested twice, and both tests indicated negative results for the presence of THC.

Plaintiff filed suit in this Court pursuant to its federal question jurisdiction, *see* 28 U.S.C. § 1331, alleging that his claim arose in part under the Drug Free Workplace Act of 1988, 41 U.S.C. §§ 701 *et seq.* Plaintiff's complaint asserted that defendant's actions violated the United States Constitution in two ways: 1) by depriving him of property and liberty without due process of law in violation of the Fifth Amendment and 2) by subjecting him to an unreasonable search and seizure in violation of the Fourth Amendment. Pl.'s Compl. ¶¶ 19, 24. Plaintiff also asserted var-ious state law claims. Defendant responded by filing the instant Motion to Dismiss.

## DISCUSSION

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must presume the allegations of the complaint to be true and liberally construe the complaint in plaintiff's favor. *Burch v. Apalachee Community Mental Health Servs. Inc.*, 840 F.2d 797 (11th Cir.1988) (en banc), *aff'd sub nom., Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spaulding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). *See also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). In such a situation, "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). *See also Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991).

With regard to the federal claims raised in plaintiff's complaint, defendant asserts two arguments in its motion to dismiss. First, defendant argues that despite its status as a public utility, its actions in discharging plaintiff cannot be equated with state or governmental action for purposes of a constitutional challenge. Second, since the Drug Free Workplace Act of 1988 (DFWA) does not require employers to maintain a drug testing program, testing performed by defendant could not have been under the authority of the DFWA for purposes of finding state action. Defendant's contentions are correct.

■ The Fourth and Fifth Amendments "protect only against invasion of civil liberties by the Government whose conduct they alone limit." *Feldman v. United States*, 322 U.S. 487, 490, 64 S.Ct. 1082, 1083, 88 L.Ed. 1408

(1944). *See also National Treasury Employees Union v. Von Raab,* 489 U.S. 656, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989) (drug testing of public sector employees invokes the Fourth Amendment). The mere fact that a business is subject to extensive and detailed governmental regulation does not convert the business' action into governmental action for constitutional purposes. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (no state action for purposes of Fourteenth Amendment where public utility, who filed general tariffs with state's Public Service Commission, terminated electrical service for non-payment). The appropriate inquiry is "whether there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* at 351.

■ Plaintiff's complaint never alleges that defendant's action constituted governmental action for Fourth and Fifth Amendment purposes. However, plaintiff asserts that his case arises in part under the DFWA, *see* Pl.'s Compl. ¶ 1, and that defendant's drug testing violated the randomness requirements of the DFWA, *see* Pl.'s Compl. ¶ 24. Since plaintiff's complaint does not clearly delineate the governmental conduct allegedly at issue in this action, this Court must assume that plaintiff asserts that defendant's compliance with the DFWA amounts to governmental conduct for Fourth and Fifth Amendment purposes.

The DFWA imposes a drug-free workplace requirement on federal contractors and federal grant recipients.[1] 41 U.S.C. §§ 701, 702. Sections 701 and 702 require contractors and grantees to comply with seven requirements in order to remain eligible for federal funds: 1) publish a statement notifying employees that involvement with controlled substances is prohibited in the workplace; 2) give employees a copy of this statement; 3) notify employees in this statement that they must abide by its terms and report drug convictions for violations occurring in the workplace within five days; 4) notify the appropriate agency within 10 days after receiving notice of any such conviction; 5) establish a program to inform employees of the dangers of drug abuse, the employer's anti-drug policy, available counseling or rehabilitation, and penalties for drug abuse violations; 6) impose a sanction on or require rehabilitation of an employee with a drug conviction; and 7) make a good faith effort to maintain a drug-free workplace. 41 U.S.C. §§ 701(a)(1), 701(a)(2). The statute establishes no requirement for drug testing.

In his brief, plaintiff claims that "[t]he regulations pertaining to [defendant] (49 CFR 199) compel [defendant] to test …" Pl.'s Resp. to Def.'s Mot. to Dismiss, p. 3. Since these regulations allegedly require defendant to perform drug testing, plaintiff asserts that *Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989), controls. Plaintiff's claim is without merit. In *Skinner,* the Federal Railroad Administration, pursuant to the Federal Railroad Safety Act of 1970, promulgated regulations mandating blood and urine tests for railroad employees involved in certain train accidents. The Court rejected the Government's argument that tests conducted by private railroads in reliance on the regulations were the result of private initiative. *Id.,* 489 U.S. at 615, 109 S.Ct. at 1412. Instead, the regulations convinced the Court that the "Government did more than adopt a passive position toward the underlying private conduct." *Id.* As a result, the Fourth Amendment was implicated by the railroads' testing pursuant to the Federal Railroad Administration's regulations. *Id.* at 617, 109 S.Ct. at 1413.

In the case at bar, plaintiff relies upon the drug testing requirements set forth in 49 C.F.R. §§ 199.1 *et seq.* (1990). However, these regulations were not promulgated pursuant to the DFWA, but under the Natural Gas Pipeline Safety Act, 49 U.S.C.App. §§ 1671 *et seq.,* the Hazardous Materials Transportation Act, 49 U.S.C.App. §§ 1801 *et seq.,* and the Hazardous Liquid Pipeline Safe-

---

1. Plaintiff has not alleged in his complaint or pleadings that defendant is either a federal contractor or grant recipient. For purposes of this motion, the Court will assume that defendant falls within the ambit of the DFWA.

348

ty Act, 49 U.S.C.App. §§ 2001 *et seq.*[2] *See* 49 C.F.R. § 199.1 (1990). Plaintiff has not identified regulations implementing the DFWA, and the Act itself contains no mandate requiring defendant to administer drug tests to its employees. Thus, the DFWA, at best, represents a "passive position toward the underlying private conduct," making *Skinner* inapposite.

Since defendant was acting under no governmental compulsion in drug testing plaintiff, it cannot be considered a state actor for Fourth and Fifth Amendment purposes. *See Ritchie v. Walker Mfg. Co.,* 963 F.2d 1119 (8th Cir.1992) (action against private employer alleging constitutional violations from drug testing properly dismissed for lack of state action); *Baggs v. Eagle–Picher Indus., Inc.,* 957 F.2d 268 (6th Cir.1992) (plaintiffs, as private-sector employees, cannot invoke the Fourth Amendment); *Mares v. Conagra Poultry Co., Inc.,* 773 F.Supp. 248 (D.Colo. 1991) (no state action where private employer requires drug testing; the DFWA merely encourages such activity, and encouragement does not transform activity into state action), *aff'd,* 971 F.2d 492 (10th Cir.1992); *Greco v. Halliburton Co.,* 674 F.Supp. 1447 (D.Wyo. 1987) (private employer is not a state actor where drug policy implemented to protect employees' safety, not to comply with governmental regulation); *Monroe v. Consolidated Freightways, Inc.,* 654 F.Supp. 661 (E.D.Mo.1987) (defendant's drug testing program not actionable under Fourth Amendment as purely private conduct). Without a finding that defendant's action constituted state action, defendant, a private actor, is not subjected to constitutional limitations contained in the Fourth and Fifth Amendments. Thus, plaintiff's cause of action under the United States Constitution must be dismissed.

Since defendant was not a state actor for purposes of the Fourth and Fifth Amendments, this Court lacks subject matter jurisdiction over plaintiff's federal claims. Without subject matter jurisdiction over plaintiff's federal claims, the Court also lacks jurisdiction over plaintiff's pendent state claims. *See Morast v. Lance,* 807 F.2d 926 (11th Cir.1987). Thus, these claims will not be addressed. Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss be and is granted.

---

**2.** Plaintiff has not alleged that defendant is subject to these Acts.